UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | CIVIL FILE NO. |
| Plaintiff, | )<br>) | _____ |
| v. | )<br>) | |
| MAKIN' CHOICES, INC., d.b.a. Makin' Choices<br>Inc., RACHELLE BROOKS-BLUE, an individual<br>and in her official capacity, LAMONT C.<br>ADAMS, an individual and in his official capacity, | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>)<br>) | **C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor

("Plaintiff"), brings this action for injunctive and other appropriate relief against Defendants

Makin' Choices, Inc. d/b/a Makin' Choices, Rachelle Brooks-Blue, and Lamont C. Adams

(hereinafter referred to collectively as "Defendants") pursuant to the anti-retaliation provision of

the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), Section 15(a)(3), 29

U.S.C. §215(a)(3) and the overtime provision of the Act, Section 7, 29 U.S.C. § 207.

## I. JURISDICTION

1. This Court has jurisdiction over this action pursuant to Sections 16(c) and 17

of the Act, 28 U.S.C. §§ 1331 (federal question), and 1345 (United States as plaintiff).

2. Venue lies in the United States District Court, Middle District of North

Carolina, Durham Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the

events or omissions giving rise to the instant claims occurred in this district.

## II. PARTIES

1. Defendant Makin' Choices, Inc., at all times hereinafter mentioned, has been a North Carolina corporation licensed to do business in the State of North Carolina, with a principal place of business in Fayetteville, North Carolina, and operating in Durham, North Carolina (the "Workplace").

2. Defendant Rachelle Brooks-Blue, an individual doing business in Durham, North Carolina, at all times hereinafter mentioned, is and has been the owner of Makin' Choices, Inc., and has acted directly or indirectly in the interest of the aforesaid corporation, in relation to its employees, and therefore is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

3. Defendant Lamont C. Adams, an individual doing business in Durham, North Carolina, at all times hereinafter mentioned, acted directly or indirectly in the interest of the aforesaid corporation, in relation to its employees, and therefore is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

4. At all times hereinafter mentioned, each defendant has been a "person" within the meaning of Section 3(a) of the Act, 29 U.S.C. § 203 (a) in that each has been an "individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

5. At all times relevant to this Complaint, Defendants' employees including, but not limited to Katina Mastin, Chrishell Gist, Katrina Reid, and Mary McGhee ("Complainants Mastin, Gist, Reid, and McGhee") were employed by Defendants and were employees employed by an employer as defined by Section 3(e) of the Act, 29 U.S.C. § 203(e).

2

## III. COVERAGE

At all times hereinafter mentioned:

1. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

2. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## IV. FACTUAL ALLEGATIONS

1. At all times relevant to this Complaint, Complainants worked as habilitation technicians at the Workplace.

2. Complainants worked between 77 and 112 hours per week for approximately $12 per hour.

3. During the period between July 16, 2012 and July 15, 2014, Defendants were investigated by the United States Department of Labor, Wage and Hour Division ("Wage and Hour").

3

4. As a result of the Wage and Hour investigation, Defendant Makin' Choices, Inc. entered into a settlement agreement with Wage and Hour on August 21, 2014, agreeing to pay back wages to a number of employees, including the Complainants.

5. On August 28, 2014, Defendant Makin' Choices, Inc. paid employees, including the Complainants, back wages according to the settlement agreement.

6. Between August 28, 2014 and September 30, 2014, Defendants repeatedly requested that Complainants return the back wages and stated that, if the back wages were not returned, then Complainants' pay would be reduced.

7. Contrary to Defendants' demands, Complainants did not return their back wages.

8. Beginning on October 1, 2014, Defendants reduced the hourly rate of pay of Complainants Gist and McGhee.

9. Since October 1, 2014, Defendants have not returned Complainants Gist and McGhee to the rate of pay that they earned before their refusal to return back wages.

10. After October 1, 2014, other habilitation technicians at the workplace, from whom the Defendants did not seek a return of back wages, maintained the same rate of pay.

11. For the period July 28, 2014 through September 28, 2014, Complainant Gist worked an average of over 40 hours a week.

12. For the period of July 27, 2014 through September 14, 2014, Complainant Mastin worked an average of over 40 hours a week.

13. For the period of October 5, 2014 to January 25, 2015, Complainant Reid worked an average of over 40 hours a week.

4

14. For the period of October 1, 2014 to September 15, 2015, Complainant McGhee worked an average of over 40 hours a week.

15. Since at least July 27, 2014, Defendants failed to pay Complainants Gist, Reid, Mastin, and McGhee at the rate of one half times their regular rate of pay for the hours over 40 hours a week that Complainants worked.

## V. VIOLATIONS

1. By demanding the return of the back wage payments and thereafter reducing the rate of pay of Complainants Gist and McGhee as set forth in Section IV, paragraphs 6-9 above, Defendants have unlawfully discriminated against Complainants Gist and McGhee for exercising rights secured by the Act, and have therefore violated Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

2. Defendants have continued to not pay Complainants Gist and McGhee wages at the rate Complainants Gist and McGhee earned before their refusal to return back wages to Defendants, in further violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

3. As set forth in Section IV, paragraphs 10-15 above, Defendants repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, namely Complainants Gist, Reid, Mastin and McGhee, for workweeks longer than forty hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed before October 1, 2014.

5

# VI. PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff prays for Judgment against Defendants and requests that the Court issue an Order as follows:

**As to Complainants Gist and McGhee:**

1a. Finding that Defendants unlawfully discriminated against Complainants Gist and McGhee in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

b. Pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their agents, officers, servants, employees and all persons in active concert or participation with Defendants from prospectively violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

c. Requiring Defendants to pay Complainants Gist and McGhee back wages accrued since July 27, 2014, as a result of Defendants' discriminatory actions pursuant to Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), together with an additional equal amount as liquidated damages pursuant to section 16(c) of the Act, 29 U.S.C. § 216 (c);

d. Requiring Defendants to pay Complainants Gist and McGhee for any costs, expenses, and any other damages they have suffered or incurred as a result of Defendants' discriminatory actions pursuant to Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

e. Requiring Defendants to pay Complainants punitive damages; and

f. Granting the Secretary all further legal and equitable relief as may be necessary or appropriate to effectuate the purposes of Section 15(a)(3) of the Act.

6

**As to Complainants Mastin, Reid, Gist and McGhee**:

2a.  Finding that Defendants failed to pay overtime wages to Complainants Mastin, Reid, Gist, and McGhee in violation of Section 7 of the Act, 29 U.S.C. § 207;

b.  Requiring Defendants to pay Complainants Mastin, Reid, Gist, and McGhee for any costs, expenses, and any other damages they incurred as a result of Defendants' discriminatory actions pursuant to Section 7 of the Act, 29 U.S.C. § 207;

c.  Pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their agents, officers, servants, employees and all persons in active concert or participation with Defendants from prospectively violating the provisions of Section 7 of the Act, 29 U.S.C. § 207;

d.  Requiring Defendants to pay back wages accrued since July 27, 2014, and an additional equal amount as liquidated damages, to Complainants Mastin, Reid, Gist, and McGhee pursuant to section 16(c) of the Act, 29 U.S.C. § 216 (c); and

e.  Granting the Secretary all further legal and equitable relief as may be necessary or appropriate to effectuate the purposes of Section 7 of the Act.

Respectfully submitted this 17th day of August, 2016.

7

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303


TELEPHONE:   (404) 302-5460
FACSIMILE:    (404) 302-5438
Email:
egemonye.uche@dol.gov
ATL.FEDCOURT@dol.gov

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

CHANNAH S. BROYDE
Counsel


BY: /s/ Uche N. Egemonye
     UCHE N. EGEMONYE
     Counsel


U.S. Department of Labor
Attorneys for Plaintiff.


SOL Case No. 15-00290