

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA<br>Secretary of Labor<br>United States Department of Labor,[1]<br><br>Plaintiff,<br><br>v.<br><br>MAKIN' CHOICES, INC., d.b.a. Makin' Choices Inc.,<br>RACHELLE BROOKS-BLUE, an individual and in her<br>Official capacity, LAMONT C. ADAMS, an individual and<br>In his official capacity,<br><br>Defendants. | Case No.<br>1:16-CV-1065 |

## CONSENT SETTLEMENT ORDER

This Consent Settlement Order resolves a civil action filed in this Court by R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor (hereinafter "the Secretary") to enforce the provisions of Sections 7, 11 and 15(a)(3) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA" or "the Act"), 29 U.S.C. §§ 207, 211 and 215(a)(3), against Makin' Choices, Rachelle Brooks-Blue and Lamont C. Adams (hereinafter "Defendants"). It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants Makin' Choices, Rachelle Brooks-Blue, and Lamont C. Adams (referred to herein collectively as "Defendants"), their agents, servants, employees, and all persons in active concert or participation with them

---

[1] Initially this action was commenced in the name of Thomas E. Perez, the Secretary of Labor when the Complaint was filed. On or about April 28, 2017, R. Alexander Acosta became the Secretary of Labor. Therefore, Mr. Acosta is being automatically being substituted for Mr. Perez as the Plaintiff pursuant to FED. R. CIV. P. 25(d), and the caption of this action is amended accordingly.

who receive actual notice hereof, are permanently enjoined from violating the provisions of the FLSA in any of the following manners:

1. They shall not, contrary to §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed, unless such employee qualifies for an exemption from overtime pursuant the applicable provision of the statute.

2. They shall not, contrary to §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

3. They shall not, contrary to §15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) threaten, intimidate, retaliate or discriminate against current and/or former employees of Makin' Choices based on Defendants' belief that an employee: refused to return back wages received pursuant to an agreement between Defendants and Wage and Hour; spoke with or intends to speak with a Wage and Hour investigator; filed a complaint with the Department of Labor; cooperated or intends to cooperate in any way in Department of Labor investigations; complained to Defendants or any of their representative, agents, or assigns about what the employee believes is a violation of the FLSA; or otherwise exercised any right under the FLSA.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that:

4. Plaintiff shall recover from Defendants back wages in the total amount of $16,952.83 plus liquidated damages in the amount of $16,952.83, which are due employees for

2

the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding. This Consent Settlement Order does not prohibit Plaintiff from bringing an action under the FLSA for any violations found after March 23, 2017.

To comply with this provision of this Order, Defendants shall, within 30 days from entry of this Judgment, deliver to each of the following employees a certified or cashier's check or money order payable in the following amounts:

| Kanita Mastin | $6,287.36 |
| Chrisnell Gist | $6,615.30 |
| Mary McGhee | $7,097.34 |

The remaining amounts shall be made by six (6) monthly payments according to the attached payment schedule listed on Exhibit "B" starting August 10, 2017 and on or before the first (10th) day of each month thereafter until the total amount has been paid. In the event of default by Defendants in making such payment, post-judgment interest shall be assessed on any unpaid amount at the rate established pursuant to 28 U.S.C. § 1961. Defendants shall provide a copy of each check or money order to:

> Richard Blaylock
> District Director - Raleigh District Office
> U.S. Department of Labor
> Wage & Hour Division
> Somerset Bank Building
> 4407 Bland Road, Suite 260
> Raleigh, NC 27609-6296

Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. Defendants also shall provide Plaintiff's

3

attorneys with a schedule showing their employer I.D. number and a schedule showing the last-known addresses and social security numbers as to each employee listed on Schedule "A".

For any individuals listed on Schedule "A" to whom Defendants unable to deliver the payments set out on Schedule "A" hereto within the time required herein, Defendants shall, within 30 days of such date, deliver to the United States Department of Labor, Wage and Hour Division, 60 Forsyth Street, S.W., Room 7M40, Atlanta, Georgia 30303, certified or cashier's checks or money orders made payable to such individuals or "Wage and Hour Division--Labor," for the net amount due after appropriate deductions for income tax and the employee's share of F.I.C.A. In the event of default by Defendants in making such payment, post-judgment interest shall be assessed on any unpaid amount at the rate established pursuant to 28 U.S.C. § 1961.5.

In the event of default by the Defendants in the payment of any of the above-recited installments or the installments listed on Exhibit "B", the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

      6.      Defendants shall provide training on Section 15(a)(3) of the FLSA, to all current supervisory employees and all employees who participate in making personnel decisions, including, but not limited to, disciplinary actions, the transfer and/or termination of employees at the worksite. Defendants shall provide the training within ninety (90) days of the effective date of this Consent Settlement Order. Attendance logs reflecting the date(s) of the training, content of the training, and the names of all training attendees, along with the attendees' job titles shall be maintained by Defendants. No later than thirty (30) days after the completion of the training, Defendants shall send a copy of the attendance logs and training materials to the following:

4

Richard Blaylock
District Director - Raleigh District Office
U.S. Department of Labor
Wage & Hour Division
Somerset Bank Building
4407 Bland Road, Suite 260
Raleigh, NC 27609-6296

7. Defendants shall immediately post the FLSA Poster, in both English and Spanish (both of which are available on the Wage Hour Division's website), in a conspicuous place at its main office location where notices to employees are customarily posted, and will maintain this posting permanently.

8. Defendants expressly waive any and all claims that they have or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution and maintenance of this civil action.

9. Defendants aver that that they have entered into this Consent Settlement Order knowingly and voluntarily.

10. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

11. Enforcement proceedings for violations of this Consent Settlement Order may be initiated at any time upon filing with this Court a motion for an order of enforcement and sanctions.

12. Failure by the parties to enforce this Consent Settlement Order in its entirety or any of its provisions shall not be construed as a waiver of their right to enforce other provisions of the Consent Settlement Order.

13. If any term of this Consent Settlement Order is determined by any court to be unenforceable, the other terms of this Consent Settlement Order shall nonetheless remain in full force and effect.

14. This Consent Settlement Order does not bind any other federal agency from initiating proceedings against Defendants

15. The parties acknowledge and agree that this Consent Settlement Order and the parties' respective signatures on this Consent Settlement Order are not and shall not be construed as an admission or acknowledgement of any liability, fault or wrongdoing of any kind whatsoever on the part of Defendants.

This 10th day of July, 2017.

_____
SENIOR UNITED STATES DISTIRCT JUDGE

6

Defendants consent to entry
of the foregoing Judgment:

MAKIN' CHOICES
By: *Lee T. Malone*
LEE TART MALONE
Attorney

DATE: 6/12/17


RACHELLE BROOKS-BLUE
By: *Lee T. Malone*
LEE TART MALONE
Attorney

DATE: 6/12/17

LAMONT C. ADAMS
By *Lee T. Malone*
LEE TART MALONE
Attorney

DATE: 6/12/17

Lee L. Tart Malone
Tart Law Group, P.A.
700 West Broad Street
Dunn, North Carolina 28334
Telephone: 910-892-5388
Fax: 910-892-1337
Email: lee@tartlaw.com

SOL Case No. 15-00290

Plaintiff moves for entry of
the foregoing Judgment:

NICHOLAS C. GEALE
Acting Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

CHANNAH S. BROYDE
Counsel
By: *Kristin R. Murphy*
KRISTIN R. MURPHY
Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, Georgia 30303
(404) 302-5435
Murphy.kristin.r@dol.gov
ATL.FEDCOURT@dol.gov
Attorneys for Plaintiff

DATE: 6/12/17

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2017, I served a copy of the foregoing Consent Settlement Order and Exhibits via certified mail to the following representatives of record:

Lee L. Tart Malone, Esq.
Tart Law Group, P.A.
700 West Broad Street
Dunn, North Carolina 28334
lee@tartlaw.com

*/s/Kristin R. Murphy*
Kristin R. Murphy
Attorney

8

Makin' Choices, Rachelle Brooks Blue, and Lamont C. Adams

**SCHEDULE "A"**

| EMPLOYEE | PERIOD<br>FROM    TO | BACK<br>WAGES | LD<br>AGREED | TOTAL |
|---|---|---|---|---|
| Gist, Chrishell | 08/03/14-11/16/14 | $3,307.65 | $3,307.65 | $6,612.30 |
| Mastin, Kanita | 07/27/14-09/14/14 | $3,143.68 | $3,143.68 | $6,287.36 |
| McGhee, Mary S | 10/15/14-09/20/15 | $7,898.12 | $7,898.12 | $15,796.24 |
| Reid, Katrina | 10/05/14-01/25/15 | $2,603.38 | $2,603.38 | $5,206.76 |
| | **TOTAL** | **$16,952.83** | **$16,952.83** | **$33,905.66** |

**SCHEDULE "A"**

U.S. DEPARTMENT OF LABOR

Installment Amortization Schedule
Installment Agreement Date: 05/24/2017

Case No: 1742899

Employer: Makin Choices, Inc.

| | | | | |
|---|---|---|---|---|
| Beginning Payment Date: | 30 days from the Entry of Judgment | | Ending Payment Date: | 01/10/2018 |
| | | | Current Interest Rate: | 1.0 % |
| Total BW Amount: | $33,905.65 | | Number Of Payments: | 6 |
| Initial Payment: | $20,000.00 | | Pay Period: | Monthly |

| | EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|---|
| Date Due | 30 days from Entry of Judgment | | | |
| | Kanita Mastin | $6,287.36 | $0.00 | $6,287.36 |
| | Chrisnell Gist | $6,615.30 | $0.00 | $6,615.30 |
| | Mary McGee | $7,097.34 | $0.00 | $7,097.34 |
| Date Due | 08/10/2017 | | | |
| | Mary McGee | $2,317.61 | $7.24 | $2,324.85 |
| Date Due | 9/10/2017 | | | |
| | Mary McGee | $2,317.61 | $5.32 | $2,322.93 |
| Date Due | 10/10/2017 | | | |
| | Mary McGee | $2,317.61 | $3.38 | $2,321.00 |
| Date Due | 11/10/2017 | | | |
| | Mary McGee | $1,746.07 | $14.11 | $1,760.18 |
| | Katrina Reid | $571.53 | $4.72 | $576.25 |
| Date Due | 12/10/2017 | | | |
| | Katrina Reid | $2,317.61 | $3.86 | $2,321.47 |
| Date Due | 01/10/2018 | | | |
| | Katrina Reid | $2,317.61 | $1.94 | $2,319.55 |
| | | $13,905.65 | $40.56 | $13,946.23 |